# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2013

No. 12-50311
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VERONICA ZAMARRIPA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1979-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Veronica Zamarripa has appealed the above-guidelines sentence imposed upon revocation of her supervised release because she had committed a state law violation, that is, assault causing bodily injury. She contends that the sentence was plainly unreasonable. Because no objection was made at the revocation hearing, this court's review of the revocation sentence is limited to plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, Zamarripa must show a forfeited error that is clear or obvious and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court may impose any sentence that falls within the statutory maximum term of imprisonment allowed for the revocation sentence. U.S.S. § 3583(e)(3). However, the court is directed to consider the factors enumerated in § 3553(a), including the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines. *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994). Section 3583(e) omits from its directive the sentencing factors listed in § 3553(a)(2)(A), which include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2)(A). In *United States v. Miller*, 634 F.3d 841, 844 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011), this court held that this deliberate omission by Congress means "that it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of supervised release term." Zamarripa contends that the district court committed *Miller* error.

It was not improper, under *Miller*, for the district court to consider the need to punish Zamarripa for violating the conditions of her supervised release by committing another law violation. *See Miller*, 634 F.3d at 843. The court considered properly the nature and circumstances of the original offense, the history and characteristics of the defendant, and the need for the sentence to deter future criminal conduct and protect the public. *See* § 3553(a)(1), (2)(B) & (C). The record does not reflect that the district court intended improperly that the sentence reflect the seriousness of or impose just punishment for the original offense. *See Miller*, 634 F.3d at 844. Instead, the court properly considered the kinds of sentences available and the sentencing guidelines. *See* § 3553(3) & (4). No error has been shown, plain or otherwise. *See Puckett*, 556 U.S. at 135.

AFFIRMED.